UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST, et al.,** | CASE NO. 3:15-CV-00248 |
| Plaintiffs, | JUDGE THOMAS M. ROSE |
| v. | |
| **JAMES R. LAUER, et al.,** | **ORDER** |
| Defendants. | |

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

Before this Court, Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, Iron Workers District Council of Southern Ohio & Vicinity Pension Trust, Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust (collectively "Trusts" or "Plaintiffs") submitted a Motion for Default Judgment (doc. 13) against the Defendant GHG Construction, LLC ("GHG").  One defendant, James R. Lauer, has answered the complaint, and he and Plaintiff have been ordered to prepare a discovery plan.  Thus, Plaintiff's motion is one seeking an entry of a final judgment against fewer than all defendants.

Federal Rule of Civil Procedure 54(b) provides:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or *when multiple parties are involved*, *the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.* Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action

> as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

.	Entries of final judgment against fewer than all defendants are disfavored. "*Frow* [ *v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)] stands for the proposition that 'when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.'" *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005-06 (N.D. Cal. 2001) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*: Civil 3D § 2690 (2001)).

*Frow* stated that:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike-the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

*Frow*, 82 U.S. at 554, Thus, "[a]s a general rule then, where one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc., 369 F. Supp. 2d 906, 908 (E.D. Mich. 2005) (quoting 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2690 (1998)).

3

Plaintiffs' motion does not establish that there is no just reason for delay, therefore, Plaintiffs' Motion for Default Judgment, doc. 13, is **DENIED**.

**IT IS SO ORDERED**

Date:   <u>Thursday, January 14, 2016</u>     <u>s/Thomas M. Rose          </u>
                                               Thomas M. Rose
                                               United States District Judge