UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**JAMES R. LAUER, et al.,**<br><br>Defendants. | CASE NO. 3:15-CV-00248<br><br>JUDGE THOMAS M. ROSE<br><br>MAGISTRATE JUDGE MICHAEL J. NEWMAN<br><br>**ORDER** |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

Before this Court, Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, Iron Workers District Council of Southern Ohio & Vicinity Pension Trust, Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust (collectively "Trusts" or "Plaintiffs") submitted a Motion for Default Judgment against the Defendant GHG Construction, LLC ("GHG"). This Court now grants the Plaintiffs' Motion for Default Judgment pursuant to 55(b) of the Federal Rules of Civil Procedure against Defendant GHG in its entirety.

### I. BACKGROUND FACTS

The Trusts are three employee welfare and pension benefit plans. Aff. of Peggy Gotthardt ¶¶ 5-10. CCSI entered into a settlement agreement ("CCSI Agreement"), a collective bargaining agreement ("CCSI CBA"), and a participation agreement ("Participation Agreement") with the Trusts. Aff. Gotthardt ¶¶ 17-18. The CCSI Agreement prohibited CCSI from performing Iron Industry Work within a certain jurisdiction or it would be required to pay withdrawal liability in the amount of $3,633,936.00 ("Withdrawal Liability Amount"). ECF #1, Complaint, ¶ 43; Exh.

2, 7-8. The CCSI CBA and Participation Agreement required CCSI to remit fringe benefit contributions as stipulated in the Trusts' Declarations of Trust ("Trust Agreements"). Aff. Gotthardt ¶¶ 18-23. The Trusts' allegations, which have now been adopted by the Court by virtue of the entry of default judgment, are that Defendant GHG is CCSI's alter ego and is bound to the CCSI Agreement, the CCSI CBA, the Participation Agreements and the Trust Agreements. ECF #1, Complaint, ¶¶ 43-48. As such, by performing Iron Industry Work, Defendant GHG is required to pay the Withdrawal Liability Amount and is delinquent with its contributions to the Trusts, in violation of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Aff. Gotthardt ¶¶ 27-34.

## II. PROCEDURAL HISTORY

On July 13, 2015, Plaintiffs filed the instant action against Defendants GHG and James R. Lauer. ECF #1, Complaint. The original summonses to the Defendants were issued on July 15, 2015. ECF # 2, Issuance. On August 1, 2015, Plaintiffs perfected service on Defendant GHG by certified mail. ECF # 7, Exh. 1, Summonses. Defendant GHG had twenty-four (24) days after service was perfected to answer or respond to the Complaint pursuant to Rules 12(a)(1)(A) and 6(d) of the Federal Rules of Civil Procedure, meaning responsive pleadings were due August 25, 2015. As Defendant GHG failed to answer or otherwise defend against the Plaintiffs' Complaint, the Plaintiffs applied for an entry of default on August 26, 2015. ECF #8. The Clerk made an entry of default against Defendant GHG on September 4, 2015. ECF #10. On or around September 12, 2016, Defendant James R. Lauer and the Trusts executed a settlement agreement. Aff. of P. Gotthardt ¶ 37.[1] As part of the settlement agreement, the Trusts and Defendant Lauer

---

[1] This Court has twice denied Plaintiffs' Motion for Default Judgment under Federal Rule of Civil Procedure 54(b). As Defendant Lauer has now been dismissed from the case, the granting of default judgment will resolve all outstanding matters in this litigation rendering Federal Rule of Civil Procedure 54(b) inapplicable.

2

agreed to a Stipulation of Dismissal which was filed on September 14, 2016. *Id*. at ¶ 38; *see* ECF #19. As of this date, no answer, motion, or responsive pleading has been filed. *See* Dkt.

### III.   ANALYSIS

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See Fed. R. Civ. P.* 55(a). Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. See *Stooksbury v. Ross*, Case No. 12–5739, 2013 WL 2665596, *3 (6th Cir. June 13, 2013) (treating the factual allegations of a complaint on liability as true because defendant produced no timely responsive pleading); *Trice v. Lake & Country Real Estate*, 831 F.2d 1064 (6th Cir. 1987); *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (6th Cir.1981). However, those allegations relating to the amount of damages suffered are ordinarily not accepted as true unless the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits. *United States v. Thomas*, No. 3:14-CV-318, 2015 WL 1324379, at *1 (N.D. Ohio Feb. 17, 2015) (Rose J.) ("However, a default judgment does not automatically establish the liability claimed by the non-defaulting party unless the amount is certain.")

####   A.   **Default Judgment Against Defendant GHG Pursuant to Federal Rule of Civil Procedure 55(b) is Appropriate.**

Defendant GHG failed to file an answer and did not respond to the entry of default. This failure to act makes clear that Defendant GHG has no intention of defending the current action. Therefore, default judgment and damages on the default judgment are warranted.

Defendant GHG, as CCSI's alter ego, was bound to the CCSI Agreement. Defendant GHG had started bidding and/or performing Iron Working Industry Work as a non-union contractor. This action is in direct violation of the CCSI Agreement. Pursuant to the CCSI Agreement, any such violation would result in the breaching party being liable for the Withdrawal Liability Amount.

As a further remedy for Defendant GHG's breach of the CCSI Agreement, this Court shall extend the non-compete protections beyond the contractually scheduled end date of July 18, 2016 provided in the CCSI Agreement to give the Pension Trust the five-years without competition that it bargained for. This extension would be measured in the number of months the breach took place; from when the CCSI Agreement was breached in or around January 2014, until when the breach is rectified.

Ohio law permits the extension of non-compete clauses when violated. *Mitchells Salon & Day Spa, Inc. v. Bustle*, 931 N.E.2d 1172, 1178 (Ohio Ct. Ap. 1 2010) (extending a non-compete clause in an agreed judgment entry due to a parties' violation of the non-compete clause). Ohio courts are empowered to modify or amend [] agreements to achieve such [reasonable] results." *Chicago Title Ins. Corp. v. Magnuson*, 487 F.3d 985, 989 (6th Cir. 2007); *Raimonde v. Van Vlerah,* 325 N.E.2d 544, 547 (Ohio 1975). The extension of the non-compete agreement in the CCSI as discussed above is reasonable and would give the Trusts their bargained-for promise and not reward Defendant GHG for its breach of contract. As of today, the extension would span twenty-five months, ceasing on March 18, 2019.

Furthermore, the Trusts provided a sworn affidavit from an employee, Peggy Gotthardt, who is responsible for monitoring employer contributions to the Trusts. Gotthardt indicated that CCSI owed the Trusts a total of $123,554.29 in known delinquent contributions, interest, and

4

liquidated damages. Defendant GHG is the alter ego entity of CCSI, and as such, is equally liable for said delinquent contributions. She also states that the Trusts have paid or owe $14,961.25 in attorneys' fees and costs. Defendant GHG, is the alter ego entity of CCSI, and as such, is equally liable for said attorneys' fees and costs.

The Court concludes that the specific monetary damages claimed are sums certain supported by affidavits, and therefore a hearing on damages is not required. The Court adopts as its own finding the sum certain of the monetary damages evidenced by Gotthardt's affidavit.

### IV.  CONCLUSION

Accordingly, based on the foregoing this Court GRANTS the following relief:

1. That the Plaintiffs' Motion for Default Judgment is granted against Defendant GHG.

2. A declaratory order finding that Defendant GHG is the alter ego and the successor of Capital City Steel, Inc. ("CCSI").

3. A declaratory order finding that Defendant GHG, as CCSI's alter ego/successor, is bound to the agreement attached to the Complaint as Exhibit 2 ("CCSI Agreement").

4. A declaratory order finding Defendant GHG, as CCSI's alter ego/successor, is in violation of the CCSI Agreement.

5. A monetary judgment against Defendant GHG in favor of Plaintiffs for the contractual damages of the Withdrawal Liability Assessment in the amount of $3,633,936.00. If Defendant James R. Lauer is found liable as well, the liability shall be joint and several.

6. A monetary judgment against Defendant GHG in Plaintiffs' favor for appropriate financial damages, including but not limited to interest, and any and all damages suffered by the Plaintiffs because of GHG's breach of the CCSI Agreement.

7. An injunction is hereby issued against Defendant GHG prohibiting its current and future violations of the CCSI Agreement.

8. An injunction is hereby issued against Defendant GHG from the present through February 18, 2019, prohibiting its violations of Section 5.2 of the CCSI Agreement and thereby extending the prohibition in Section 5.2 of the CCSI Agreement for twenty-five (25) months.

9. A declaratory order finding that Defendant GHG, as CCSI's alter ego/successor, is bound to agreement attached to the Complaint as Exhibit 7 ("Participation Agreement"), and through the Participation Agreement, GHG is bound to the declarations of trusts attached to the Complaint as Exhibits 3, 4, and 5.

10. A monetary judgment against Defendant GHG in Plaintiffs' favor in the amount of $123,554.29 for all unpaid contributions, liquidated damages, and pre-judgment interest.

11. A monetary judgment against GHG in Plaintiffs' favor for Plaintiffs' attorneys' fees and costs equaling $14,961.25 and all future amounts accrued to collect this on this judgment.

12. Post-judgment interest pursuant to 28 U.S.C. § 1961.

13. Such other legal or equitable relief as this Court deems appropriate.

14. This Court shall retain jurisdiction over this Case pending Defendant GHG's compliance with its orders.

    IT IS SO ORDERED

Date:   November 23, 2016        s/Thomas M. Rose
                                        Thomas M. Rose
                                        United States District Judge